```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ X
                                                             :
FARZANEH MOTAHARI, et al.,                                   :
                                                             :
                            Plaintiffs,                      :    23 Civ. 7608 (LGS)
                 -against-                                   :
                                                             :    **OPINION & ORDER**
ANTHONY BLINKEN, et al.,                                     :
                                                             :
                            Defendants.                      :
------------------------------------------------------------ X
```

LORNA G. SCHOFIELD, District Judge:

Plaintiffs Farzaneh Motahari ("Farzaneh") and her father Mahmoud Motahari ("Mahmoud") bring this mandamus action against Defendants Anthony Blinken, U.S. Secretary of State; Julie Stufft, Deputy Assistant Secretary for Visa Services in the Bureau of Consular Affairs; Jane Doe, Consul General of the U.S. Embassy in Yerevan, Armenia; Christopher Wray, Director of the Federal Bureau of Investigation; and Damian Williams, U.S. Attorney for the Southern District of New York.  Plaintiffs seek an order compelling Defendants to adjudicate Mahmoud Motahari's visa application under both the Administrative Procedure Act ("APA"), 5 U.S.C. §§ 555(b), 706(1), and the Mandamus Act, 28 U.S.C. § 1361.  Defendants move to dismiss Plaintiffs' mandamus petition and complaint (the "Petition") under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).  For the reasons below, Defendants' motion to dismiss is granted.

**I.    BACKGROUND**

Plaintiff Farzaneh Motahari is a U.S. citizen and the daughter of Plaintiff Mahmoud Motahari, a citizen of Iran.  Mahmoud seeks a visa to enter the United States.  On November 17, 2021, Farzaneh initiated the visa application process by filing a "Form I-130 Petition for Alien Relative" for each of her parents.  The U.S. Citizenship and Immigration Services ("USCIS")

approved the I-130 petitions on April 21, 2022, and sent them to the National Visa Center ("NVC") for processing. This USCIS approval meant only that the petitioner had established the necessary familial relationship with her beneficiaries and did not mean that the beneficiaries were entitled to immigrant visas. In the next step of the process, both parents submitted their "DS-260 Online Immigrant Alien Registration Applications" to the NVC on February 22, 2023, and attended a visa interview at the U.S. Embassy in Yerevan, Armenia, on April 20, 2023. Following the interview, the Petition states that Farzaneh's parents were informed that their visas had been rejected pending administrative processing and a medical exam report from a physician, which was submitted by May 1, 2023. Defendants state that the consular officer refused Mahmoud's visa under 8 U.S.C. § 1201(g) to conduct additional security screening and that the embassy received Mahmoud's answers to "Supplemental Questions for Visa Applicants (Form DS-5535)" on or before May 10, 2023. On July 21, 2023, Farzaneh's mother's visa was issued. In August 2023, Farzaneh's congressional liaison contacted the U.S. Embassy in Yerevan regarding Mahmoud's pending visa application and received a response that "[c]urrently Mr. Motahari's case is undergoing necessary administrative processing, which can take a significant amount of time to be completed." Plaintiffs now seek a writ of mandamus and a finding of unreasonable delay under the APA to compel Defendants to complete administrative processing and make a decision on Mahmoud's application for an immigrant visa.

II.     **STANDARD**

Dismissal for lack of subject matter jurisdiction under Rule 12(b)(1) is proper "when the district court lacks the statutory or constitutional power to adjudicate it." *Green v. Dep't of*

*Educ. of City of N.Y.*, 16 F.4th 1070, 1075 (2d Cir. 2021).[1] When considering a Rule 12(b)(1) motion, "the district court must take all uncontroverted facts in the complaint . . . as true, and draw all reasonable inferences in favor of the party asserting jurisdiction." *Fountain v. Karim*, 838 F.3d 129, 134 (2d Cir. 2016). In resolving a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1), a district court may consider "evidentiary matter . . . presented by affidavit or otherwise." *Kamen v. Am. Tel. & Tel. Co.*, 791 F.2d 1006, 1011 (2d Cir. 1986); *accord Rai v. Rai*, No. 21 Civ. 11145, 2023 WL 2456831, at *2 (S.D.N.Y. Mar. 10, 2023). "A plaintiff asserting subject matter jurisdiction has the burden of proving by a preponderance of the evidence that it exists." *Karim*, 838 F.3d at 134. "Where, as here, the defendant moves for dismissal under Rule 12(b)(1), Fed. R. Civ. P., as well as on other grounds, the court should consider the Rule 12(b)(1) challenge first since if it must dismiss the complaint for lack of subject matter jurisdiction, the accompanying defenses and objections become moot and do not need to be determined." *U.S. ex rel. Kreindler & Kreindler v. United Techs. Corp.*, 985 F.2d 1148, 1155-56 (2d Cir. 1993); *accord Nawaz v. United States Dep't of State*, No. 22 Civ. 5343, 2024 WL 99486, at *3 (E.D.N.Y. Jan. 9, 2024).

To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *accord Kaplan v. Lebanese Canadian Bank, SAL*, 999 F.3d 842, 854 (2d Cir. 2021). It is not enough for a plaintiff to allege facts that are consistent with liability; the complaint must "nudge[ ]" claims "across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570;

---

[1] Unless otherwise indicated, in quoting cases, all internal quotation marks, footnotes and citations are omitted, and all alterations are adopted.

3

*accord Bensch v. Est. of Umar*, 2 F.4th 70, 80 (2d Cir. 2021).  On a Rule 12(b)(6) motion, "we accept all factual allegations as true, and draw all reasonable inferences in the plaintiff's favor." *Francis v. Kings Park Manor, Inc.*, 992 F.3d 67, 72 (2d Cir. 2021).  However, a court does not consider "conclusory allegations or legal conclusions couched as factual allegations." *Dixon v. von Blanckensee*, 994 F.3d 95, 101 (2d Cir. 2021).

III. **DISCUSSION**

Defendants' motion to dismiss is granted based on the doctrine of consular nonreviewability.  To the extent that this doctrine does not bar Plaintiffs' claims, they are dismissed for failure to state a claim, for substantially the reasons set forth by Defendants in their briefing.

"[T]he doctrine of consular nonreviewability [is] the principle that a consular officer's decision to deny a visa is immune from judicial review." *Am. Acad. of Religion v. Napolitano*, 573 F.3d 115, 123 (2d Cir. 2009); *see Wan Shih Hsieh v. Kiley*, 569 F.2d 1179, 1181 (2d Cir. 1978) ("*Hsieh*") ("It is settled that the judiciary will not interfere with the visa-issuing process.").[2]  The vast majority of courts in this Circuit have applied this doctrine when applicants ask a court to compel the adjudication of a visa application.  *See, e.g.*, *Abdo v. Tillerson*, No. 17 Civ. 7519, 2019 WL 464819, at *3 (S.D.N.Y. Feb. 5, 2019) (collecting cases); *see also Nawaz*, 2024 WL 99486, at *4 (dismissing unreasonable visa adjudication delay claims under the APA and the Mandamus Act on nonjusticiability grounds); *Nurjahan v. U.S. Dep't of State*, No. 22 Civ. 2692, 2023 WL 2931581, at *2 (E.D.N.Y. Apr. 13, 2023) (same); *Anupama*

---

[2] The Second Circuit has expressed a lack of clarity as to whether consular nonreviewability is a jurisdictional question or a prudential consideration.  *See Am. Acad. of Religion*, 573 F.3d at 123.  Regardless of the basis for the doctrine, the result is the same whether under Rule 12(b)(1) or Rule 12(b)(6).

4

*Deupathy Hettiarachchige v. Bitter*, No. 22 Civ. 3622, 2022 WL 17738771, at *2 (S.D.N.Y. Dec. 16, 2022) (same).

Plaintiffs' argument that a challenge to a delay in adjudication is distinguishable from a challenge to the denial of a visa application is contrary to the weight of caselaw in this Circuit. *See Hsieh*, 569 F.2d at 1181 ("The district court correctly held that no jurisdictional basis exits [sic] for review of the action of the American Consul in Taiwan *suspending* or denying the issuance of immigration visas to appellant's children there." (emphasis added)); *Abdo*, 2019 WL 464819, at *3. *But see Ahmed v. Bitter*, No. 23 Civ. 189, 2024 WL 22763, at *5-6 (E.D.N.Y. Jan. 2, 2024) (finding doctrine of consular nonreviewability does not apply to unreasonable delay claim, but dismissing claim on the merits because the three-year delay was insufficient). The majority view rejects this distinction and better respects the immunity of consular visa decisions from judicial review. To distinguish between a negative decision and a postponed decision, which both result in no visa, is to elevate form over substance. "It would undoubtedly 'interfere with the visa-issuing process' to issue an order moving plaintiff to the front of the queue." *Nurjahan*, 2023 WL 2931581, at *2 (quoting *Hsieh*, 569 F.2d at 1181).

Plaintiffs rely primarily on two district court cases (one out of circuit), neither of which addressed the doctrine of consular nonreviewability; both went directly to the merits and found that there was no unreasonable delay in processing the plaintiffs' visa applications. *See Sunny v. Biden*, No. 21 Civ. 4662, 2023 WL 5613433, at *3 (E.D.N.Y. Aug. 30, 2023); *Khamrabaeva v. Blinken*, No. 22 Civ. 1219, 2022 WL 4446387, at *7-8 (D.D.C. Sept. 24, 2022). Contrary to Plaintiffs' argument that *Abdo* involved judicial review of a visa denial rather than an adjudication delay and thus has no bearing on this case, the court in *Abdo* spoke directly to the plaintiffs' assertion of an unreasonable delay: "Here, Plaintiffs seek judicial review of

Defendants' delay in adjudicating Abdoulmalek's visa application[.]  Such a claim falls squarely within the doctrine of consular nonreviewability." 2019 WL 464819, at *4.

Accordingly, the doctrine of consular nonreviewability precludes adjudication of Plaintiffs' claims.

## IV. CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss is **GRANTED**.  Plaintiffs' request for oral argument is **DENIED** as moot.

The Clerk of Court is respectfully directed to close the motion at Dkt. 27 and to close the case.

Dated:  June 26, 2024
        New York, New York

_____
LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE